IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CALVIN GREGORY FRENZLEY, JR.,

          **Plaintiff,**

v.                                             CASE NO. 19-3069-SAC

SAM CLINE, et al.,

          **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Calvin Gregory Frenzley, Jr. brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. Mr. Frenzley is a prisoner at the El Dorado Correctional Facility in El Dorado, Kansas. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

## I. Nature of the Matter before the Court

Plaintiff's complaint (ECF No. 1) alleges defendants were deliberately indifferent to a substantial risk of serious harm to him, thus violating his Eighth Amendment and due process rights. While housed at the Lansing Correctional Facility on June 23, 2018, a doctor employed by Corizon placed Mr. Frenzley on suicide watch level 3 due to his mental state and a suicide attempt. The doctor ordered that he be watched 24-hours a day and placed in a suicide prevention cell with no access to anything that he could use to harm himself. Instead, the defendants put Plaintiff in a cell with a broken light fixture and glass on the floor. Mr. Frenzley used the glass to try to kill himself, resulting injury. Plaintiff was treated by medical staff and then returned to the same cell

1

with the broken light fixture and access to broken glass. He remained in that cell for four (4) days. Plaintiff claims "the illegal policies of the defendant(s) et al were directly involved in violating [his] due process rights and Eighth Amendment rights." ECF No. 1, at 5.

Plaintiff names as defendants Sam Cline, warden of the Lansing Correctional Facility, and Joe Norwood, Secretary of the Kansas Department of Corrections. He requests relief in the form of $500,000 in compensatory damages, $250,000 in punitive damages, and $100,000 exemplary damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. Discussion**

To be properly named as a defendant in a § 1983 action, a person must personally participate in the alleged violation of constitutional rights. *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997). Supervisory status alone does not create § 1983 liability. *Duffield v. Jackson,* 545 F.3d 1234, 1239 (10th Cir. 2008).

Plaintiff names two supervisory defendants, Sam Cline and Joe Norwood, and does not allege that either was personally involved in placing him in the cell with the broken glass. Plaintiff attempts to overcome this deficiency by claiming the defendants were directly involved through their "illegal policies," though Mr. Frenzley does not describe these policies.

While strict supervisory liability is not recognized under §1983, a plaintiff may "impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which 'subjects, or causes to be subjected' that plaintiff 'to the deprivation of any rights . . . secured by the Constitution . . ..'" *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010) (quoting 42 U.S.C. § 1983). Therefore, to state a § 1983 claim against a defendant-supervisor, a plaintiff must allege: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the

4

alleged constitutional deprivation." *Id.* at 1199-00. The state of mind required to establish a constitutional violation in this case is deliberate indifference. *See Barrie v. Grand Cnty., Utah*, 119 F.3d 862, 866 (10th Cir. 1997); *see also Bame v. Iron Cty.*, 566 F. App'x 731, 738–39 (10th Cir. 2014) and *duBois v. Payne Cty. Bd. of Cty. Comm'rs*, 543 F. App'x 841, 846 (10th Cir. 2013).

Deliberate indifference has objective and subjective components, requiring the harm suffered to be sufficiently serious and the defendant to have known of and disregarded a substantial risk of serious harm. *Bame*, 566 F. App'x at 783 (quoting *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006).

Plaintiff's complaint does not state a claim against either defendant. He does not describe the alleged "illegal policies" he claims Defendants created or implemented, he does not describe how such policies caused the harm he suffered, and he does not allege Defendants acted with deliberate indifference or credible facts demonstrating deliberate indifference on the part of either defendant. Mr. Frenzley's complaint does not show that these defendants violated his constitutional rights.

As a result, Plaintiff is ordered to show cause why his complaint should not be dismissed. In the alternative, he may file a proper amended complaint wherein he addresses the deficiencies in his claim against Defendants Cline and Norwood and/or wherein he names defendants who personally participated in the alleged constitutional violation.

## VI. Response Required

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed.

Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]  Plaintiff is given time to file an amended complaint in which he (1) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (2) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **August 12, 2019**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **August 12, 2019**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

---

[1] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-3069-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS SO ORDERED.**

DATED:  This 12th day of July, 2019, at Topeka, Kansas.

                                      **s/  Sam A. Crow**
                                      **SAM A. CROW**
                                      **U.S. Senior District Judge**