# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CALVIN GREGORY FRENZLEY, JR.,**

      **Plaintiff,**

v.                                         **CASE NO. 19-3069-SAC**

**SAM CLINE, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action. By order dated July 12, 2019, the Court directed Plaintiff to show cause why his complaint should not be dismissed for failure to state a claim upon which relief may be granted, or, in the alternative, to file an amended complaint curing the deficiencies with the original complaint. Before the Court is Plaintiff's amended complaint (ECF No. 8). Also before the Court are two motions to appoint counsel filed by Plaintiff (ECF Nos. 4 and 10), as well as a motion to file a second amended complaint (ECF No. 11).

The order to show cause found that Plaintiff's complaint did not state a claim against either of the two named defendants. Plaintiff named two supervisory defendants, Sam Cline and Joe Norwood, and did not allege that either was personally involved in the incident forming the basis of the complaint. While he claimed the defendants created "illegal policies", he did not describe the policies, he did not describe how such policies caused the harm he suffered, and he did not allege Defendants acted with deliberate indifference or credible facts demonstrating deliberate indifference on the part of either defendant.

1

Plaintiff's amended complaint (ECF No. 8) addresses the identified deficiency by naming additional defendants. He adds Defendant Kribenko, the officer in charge at the time the incident occurred; Defendant Nance, the unit team manager; Defendant John Doe, the captain/shift supervisor; and Defendant Doug Burris. Plaintiff states that Defendants Kribenko and Doe removed him from segregation and placed him in a cell with broken glass on the floor when he was on suicide watch. After he cut himself, Defendant Kribenko then returned Plaintiff to the same cell without removing the broken glass.

**Dismissal of Defendants Cline, Norwood, Burris and Nance**

Plaintiff does not allege that any defendants other than Kribenko and Doe personally participated in placing or returning him to the cell with the broken glass. His only allegations against Defendants Norwood, Cline, Burris, and Nance involve either their supervisory status or their participation in the grievance process. *See Duffield v. Jackson,* 545 F.3d 1234, 1239 (10th Cir. 2008); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012). As a result, these defendants are dismissed from this action.

***Martinez* Report**

However, the Court finds that the proper processing of Plaintiff's claims against Defendants Kribenko and Doe cannot be achieved without additional information from appropriate officials of the Lansing Correctional Facility (LCF). *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials to prepare and file a *Martinez* Report.

Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**Motions to Appoint Counsel (ECF Nos. 4 and 10)**

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not overly complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motions without prejudice to refiling the motion if Plaintiff's complaint survives screening and/or any dispositive motion filed by Defendants.

**Motion to File Second Amended Complaint (ECF No. 11)**

Plaintiff's motion requests leave to file a second amended complaint. Plaintiff attached his proposed amended complaint to the motion as required by D. Kan. R. 15.1.

This is Plaintiff second request to file an amended complaint. Therefore, it falls under Fed. R. Civ. P. 15(a)(2). Rule 15 (a)(2) states that where a pleading may not be amended as a matter of course, a party may amend its pleading only with the opposing party's written consent or the court's leave. The rule further provides that the court should freely give leave to amend when justice so requires.

Given that the defendants have not been served, the Court grants Plaintiff's motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants Cline, Norwood, Nance, and Burris are **dismissed** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 11) is **granted**.

**IT IS FURTHER ORDERED** that:

(1) The Clerk of Court shall serve Defendant Kribenko under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC").

(2) Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez* Report. Upon the filing of that report, the AG/Defendants shall have an additional **sixty (60) days** to answer or otherwise respond to the complaint.

(3) Officials responsible for the operation of the Lansing Correctional Facility are directed to undertake a review of the subject matter of the complaint:

    a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of the Lansing Correctional Facility to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No answer or motion addressed to the complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answers or responses to the complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Appoint Counsel (ECF Nos. 3 and 10) are **denied**.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 10th day of February, 2020.**

<pre>                            s/_Sam A. Crow_____
                            **SAM A. CROW**
                            **U. S. Senior District Judge**</pre>