IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CALVIN GREGORY FRENZLEY, JR.,

                **Plaintiff,**

      v.                                    CASE NO. 19-3069-SAC

SAM CLINE, et al.,

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Dismiss or, in the alternative, Motion for Summary Judgment (ECF No. 16) filed by Defendant, as well as several other motions. The motion has been fully briefed and is ripe for decision. Defendant's motion is granted for the reasons stated herein.

### I. Background

Plaintiff alleges the defendant was deliberately indifferent to a substantial risk of serious harm to him, thus violating his Eighth Amendment rights. While housed at the Lansing Correctional Facility on June 23, 2018, Plaintiff was placed on suicide watch due to his mental state and the fact that he was seen swallowing an unidentified substance, which he later identified as methamphetamine. Plaintiff was moved to the infirmary and put in a cell with a broken light fixture. Plaintiff found a small piece of glass and cut his forearm with it. Plaintiff was treated by medical staff and then returned to the same cell with the broken light fixture. Defendant allegedly told Plaintiff the inmate housed in the cell before broke the light fixture, and Defendant had already

1

put in a work order for maintenance to repair the light. He also told Plaintiff he had inspected and swept the cell. Plaintiff again obtained a small piece of glass and again cut himself superficially. He remained in that cell for four (4) days.

The Court ordered Plaintiff to show cause why his complaint should not be dismissed. Plaintiff responded by filing two amended complaints, and the Court dismissed all defendants other than Officer Krivenko and ordered the Kansas Department of Corrections (KDOC) to prepare a *Martinez* report. The KDOC filed the *Martinez* report on April 14, 2020, and Defendant Krivenko filed his motion to dismiss or for summary judgment on June 15, 2020. Defendant also filed a motion to stay discovery (ECF No. 19). Plaintiff filed no response to the *Martinez* report but did file two responses to the motion to dismiss (ECF Nos. 21 and 22) on August 3, 2020, along with a motion to appoint counsel (ECF No. 20). Defendant then filed a reply to Plaintiff's response to the motion to dismiss (ECF No. 24).

## II. Motion to Dismiss or for Summary Judgment

Defendant argues in his motion that Plaintiff did not exhaust his administrative remedies as required by the PLRA, that Plaintiff failed to state a claim under the Eighth Amendment, and that Defendant is entitled to qualified immunity.

## III. Standard of Review

The Court must construe *pro se* filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court does not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id*. Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id*.

### A. Rule 12(b)(6)

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

### B. Summary Judgment

Because the Court has considered the *Martinez* report filed in this case in evaluating Plaintiff's claims, it decides the motion under the request for summary judgment contained therein. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (district court's dismissal under Rule 12(b)(6) of a prisoner's complaint filed pro se characterized as "irregular" where court had not limited its review to the complaint).

Summary judgment is appropriate if the pleadings and other materials before the Court show no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Liberty Lobby*, 477 U.S. at 248.

On summary judgment, the initial burden is with the movant to point out the portions of the record which show the movant is entitled to judgment as a matter of law. *Thomas v. Wichita*

*Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992), cert. denied, 506 U.S. 1013 (1992). Instead of disproving a claim or defense, the movant need only show "a lack of evidence" on an essential element. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). If the movant meets that burden, the non-movant must come forward with specific facts based on admissible evidence from which a rational fact finder could find in the non-movant's favor. *Id.* The non-movant's "burden to respond arises only if" the movant meets its initial burden of production. *Neal v. Lewis*, 414 F.3d 1244, 1248 (10th Cir. 2005). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether the evidence is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-52.

The Court views all evidence and draws all reasonable inferences in the light most favorable to the party opposing summary judgment. *Pinkerton v. Colorado Dept. of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009). However, Plaintiff's *pro se* status does not exempt him from complying with the essential federal rules of civil procedure, including Rule 56, *Birbari v. United States*, 2012 WL 2087180 at *3 (10th Cir. Jun. 11, 2012), or a court's local rules, *Calia v. Werholtz*, 426 F. Supp. 2d 1210, 1214 (D. Kan. 2006).

Plaintiff's responses to Defendant's motion (ECF Nos. 21 and 22) utterly fail to include a "section containing a statement of material facts as to which the party contends a genuine issue exists." D. Kan. Rule 56.1(b)(1). In fact, he does not specifically state that he disputes any fact contained in Defendant's memorandum in support. Rule 56 requires that each disputed fact be numbered and refer with particularity to the part of the record relied on. It also provides that "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." D.

Kan. R. 56.1(a).  Because Plaintiff has failed to specifically controvert any of the facts properly set forth by Defendant, all of Defendant's facts shall be admitted for purposes of this motion.

## IV. Analysis

Having considered the matter, the Court finds Defendant's motion should be granted.

### A. Local Rules 6.1 and 7.4

Initially, the Court notes that Plaintiff's responses to the motion were not timely. Defendant asks the Court to consider his motion as uncontested due to Plaintiff's failure to comply with D. Kan. Rules 6.1(d) and 7.4(b).  Rule 6.1(d) gives parties 21 days to file a response to a dispositive motion.  Rule 7.4 states:

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

D. Kan. Rule 7.4(b).

Defendant filed his motion on June 15, 2020.  Plaintiff was required to file his response by July 6, 2020, but he did not file his responses until August 3, 2020.  Plaintiff gives no explanation for the tardiness of his responses.

Based on Plaintiff's failure to file a timely response, Rule 7.4(b) authorizes the Court to grant Defendant's motion "without further discussion."  *Bigler v. U.S. Bank Tr.*, 2017 WL 2362087, at *1 (D. Kan. 2017).  However, such a ruling may not be consistent with Tenth Circuit law.  *See Ellison v. English*, 2019 WL 3716448, at *1 (D. Kan. 2019) (citing *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003)) ("[T]he Tenth Circuit has directed that a district court may not grant a motion to dismiss or a motion for summary judgment based solely on the plaintiff's failure to respond.").  In addition, the Court "has considerable latitude in interpreting and applying

its local rules." *Johnston v. Prairie View*, 2019 WL 4751998, at *2 (D. Kan. 2019).  "When possible and reasonable, the [C]ourt prefers to resolve motions on their merits after all sides have stated their positions. While the [C]ourt is certainly not required to give parties additional opportunities to file briefs, it is within this [C]ourt's discretion to do so." *Id.*  Therefore, the Court will exercise its discretion and analyze Defendant's motion on its merits despite Plaintiff's failure to abide by the local rules.

### B.  Qualified Immunity Standard

Defendant has asserted the qualified immunity defense to Plaintiff's claim.  Qualified immunity protects public officials who are required to exercise their discretion, shielding them from personal liability for civil damages. *Apodaca v. Raemisch*, 864 F.3d 1071, 1075-76 (10th Cir. 2017) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)).  When a defendant asserts a qualified immunity defense, the plaintiff has a "heavy two-part burden" of establishing "(1) that the defendant's action violated a federal constitutional or statutory right; and (2) that the right violated was clearly established at the time of the defendant's actions." *Grissom v. Roberts*, 902 F.3d 1162, 1167 (10th Cir. 2018) (internal quotation marks omitted).  Failure to satisfy either prong of this test will result in a grant of qualified immunity to the defendant. *Id.*  In other words, if the right is not clearly established, a court may find qualified immunity without deciding the constitutionality of the conduct. *Apodaca,* 864 F.3d at 1076 (citing *Pearson v. Callahan*, 555 U.S. 223, 236–42 (2009))**.**

Whether a right is "clearly established" is an objective test: "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Stearns v. Clarkson,* 615 F.3d 1278, 1282

(10th Cir. 2010)). "In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Id.*

### C. No Constitutional Violation

Plaintiff has not met his burden to establish that Defendant's actions violated his constitutional rights. To state a claim for the violation of his rights under the Eighth Amendment, Plaintiff must allege both a "sufficiently serious deprivation" and a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The level of culpability required is deliberate indifference. *Id.*; *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). Deliberate indifference exists when an official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir.), *cert. denied*, 546 U.S. 1003 (2005). Deliberate indifference requires "a higher degree of fault than negligence." *Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993) (other citations omitted); *Farmer*, 511 U.S. at 835. To be deliberately indifferent, a defendant must be aware of a substantial risk of serious harm and must fail "to take reasonable steps to alleviate that risk." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Where a defendant responds reasonably to a risk, even if the plaintiff was still harmed, that defendant has not violated the Eighth Amendment. *Farmer*, 511 U.S. at 844.

In this case, the uncontroverted facts show that Defendant did not disregard the purported risk to Plaintiff's safety. Plaintiff was admitted to the infirmary for 23-hour observation after he claimed to have swallowed methamphetamine. He was put in an empty, clean room in the infirmary with no visible broken glass at around 10:00 a.m. About 4 hours later, a nurse checking on Plaintiff noticed superficial lacerations to his left forearm. Plaintiff told the nurse he had used

a piece of glass to scratch himself, and he showed the nurse the glass. Defendant arrived on shift just after this, and he inspected Plaintiff's cell and swept the floor. He found no broken glass. Plaintiff was returned to the cell for the night, and Defendant monitored him for the remainder of his shift. Defendant's actions were a reasonable response to the risk reported by Plaintiff.

The next day, Defendant again came on duty around 2:00 p.m. Soon after arriving, he saw and heard Plaintiff hitting the light fixture in his cell. Defendant checked on Plaintiff, saw that he had injured himself, and notified medical personnel. Medical staff informed Defendant that Plaintiff had a small sliver of broken glass and had again made superficial cuts to his arm. Defendant again inspected Plaintiff's cell and again swept it. He found no broken glass. Again, Defendant responded to the reported risk in a reasonable way.

Plaintiff complains that he should not have been housed in a cell with a broken light fixture. However, he has not shown that Defendant had the authority to move him to a different cell and refused to do so, or that there were any other cells available in the infirmary. According to the grievance responses attached to Plaintiff's complaint and according to Defendant's affidavit, the infirmary was full and that was the only cell open. (ECF No. 11-1, at 14, 16; ECF No. 15-8, at 2.) Thus, Plaintiff being returned to the cell with the broken light fixture does not establish deliberate indifference on Defendant's part. *See Gray v. Sorrels*, 744 F. App'x 563, 571 (10th Cir. 2018).

Because the uncontroverted facts show that Defendant responded reasonably to the risk, Plaintiff has not stated a claim for violation of his Eighth Amendment rights. See *Farmer*, 511 U.S. at 844; *Tafoya*, 516 F. 3d at 916.

## V. Conclusion

The pleadings and other materials before the Court show no genuine issue as to any material fact and show that Defendant is entitled to judgment as a matter of law.  Therefore, Defendant's motion is granted, and the case is dismissed.

## VI. Other Motions

Because the Court finds this matter should be dismissed, the other pending motions are denied as moot.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss or for Summary Judgment (ECF No. 16) is **granted**.  This matter is dismissed for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the other motions pending in this matter are **denied** as moot.

**IT IS SO ORDERED.**

DATED:  This 7th day of October, 2020, at Topeka, Kansas.

s/  Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**